**FILED**
Superior Court of California
County of Riverside
2/1/2017
cpowell
By Fax

1  HAROLD L. COLLINS, SBN 68161
   Attorney at Law
2  42890 Avenida Perris
   Murrieta, CA 92562
3  Tel: (951) 237-1560
   hcollinslaw@aol.com
4
5  Plaintiff In Propria Persona
6
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                FOR THE COUNTY OF RIVERSIDE
10

| | |
|---|---|
| 11  HAROLD L. COLLINS, | CASE NO.  MCC1700091 |
| 12               Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| 13         vs. | 1. Violation of CLRA |
| 14  GEORGE ALANI FUA; SAI, INC., doing business as SAI CONSTRUCTION; FUA CONSTRUCTION; SMART POWER LLC; SOSIUA L. SEKONA, also known as SIOSIUA LAVAKI SEKONA; KAPIOLANI L. SIKAHEMA, also known as KAP SIKAHEMA; SEFITA TUPE also known as FIFITA TUPE; ADVANCE ENERGY SOLUTIONS; and DOES 1 to 100, | 2. Eavesdropping<br>3. Unfair Competition<br>4. Invasion of Privacy<br>5. Private Nuisance |
| 19               Defendants. | |

20        Plaintiff, Harold L. Collins, alleges as follows:
21                    **GENERAL ALLEGATIONS**
22        1.    Plaintiff Harold L. Collins, ("Plaintiff") is, and was at all times herein mentioned, a
23  competent adult residing in the City of Murrieta, County of Riverside, State of California.
24        2.    Plaintiff intends by this complaint to assert claims based entirely on the laws of this state
25  and does not intend to allege or assert any claim arising under the Constitution, laws, or treaties of the
26  United States (within the meaning of 28 U.S.C. § 1331), and specifically Plaintiff is not asserting any
27  claims, relief or remedies arising under the federal "Telephone Consumer Protection Act" ("TCPA").
28        3.    Plaintiff is informed and believes and thereon alleges that Defendant George Alani Fua

1

First Amended Complaint for Damages & Injunctive Relief

("FUA") is a competent adult residing in Utah and transacting business in California, as or through Defendant Fua Construction, a business organization of unknown form, operating under a contractor license issued to FUA by the California Contractors State License Board ("CSLB"), License No. 765247. Fua Construction's address of record with the CSLB is 9663 Santa Monica Boulevard, Beverly Hills, CA. Plaintiff is informed and believes and thereon alleges that FUA was at all times herein mentioned an employee, manager, agent and/or representative of Defendant SAI, Inc., and authorized to act on its behalf with respect to the actions and conduct alleged herein.

4. Plaintiff is informed and believes and thereon alleges that Defendant SAI, Inc., ("SAI") is, and was at all times herein mentioned, a Utah corporation, doing business as Sai Construction, with its principal place of business located at 2480 South Main Street, Salt Lake City, UT.

5. Plaintiff is informed and believes and thereon alleges that Defendant Smart Power LLC, ("SMART POWER") is, and was at all times herein mentioned, a foreign limited liability company organized under the laws of Utah and doing business in this state at 19009 South Laurel Park Road, Compton, CA. Plaintiff is informed and believes and thereon alleges said Defendant has never been issued a certificate of registration by the California Secretary of State and is thus not authorized to do business in this state and is doing so in violation of Title 2.6, Article 8 of the Corporations Code.

6. Plaintiff is informed and believes and thereon alleges that Defendant Sosiua L. Sekona ("SEKONA"), also known as Siosiua Lavaki Sekona, is and was at all times herein mentioned a competent adult and an officer, managing member and/or owner of SMART POWER, residing at 3214 Winlow Street, San Diego, CA.

7. Plaintiff is informed and believes and thereon alleges that Defendant Kapiolani L. Sikahema ("SIKAHEMA"), also known as Kap Sikahema, is and was at all times herein mentioned a competent adult and an officer, managing member and/or owner of SMART POWER.

8. Plaintiff is informed and believes and thereon alleges that Defendant Sefita Tupe ("TUPE"), also known as Fifita Tupe, is and was at all times herein mentioned a competent adult and an officer, managing member and/or owner of SMART POWER, residing at 7714 South Halldale Avenue, Los Angeles, CA.

9. Plaintiff is informed and believes and thereon alleges that Defendant Advance Energy

Solutions ("ADVANCE") is a business organization, form unknown, owned and operated by or for the benefit of each of the other defendants herein and through which they conduct or engage in the unlawful business practices as hereinafter alleged.

10. The true names and capacities of the Defendants sued as Does 1 to 100 are unknown to Plaintiff, who will amend his complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is in some way directly, proximately and legally responsible for the damages suffered by him.

11. Plaintiff is informed and believes and thereon alleges that Does 1 to 5 are, and were at all times herein mentioned, each competent adults and officers, managing agents and/or owners of SAI, and that Does 6 to 10 are, and were at all times herein mentioned, each competent adults and officers, managing agents and/or owners of Smart Power.

12. Plaintiff is informed and believes and thereon alleges that each Defendant was the agent, servant or employee of the other Defendants and at all times herein mentioned was acting within the course, scope and purpose of such agency, service or employment, with the knowledge, authorization, permission, consent or ratification of the other Defendants.

13. Plaintiff is informed and believes and thereon alleges that Defendants Fua, Sekona, Sikahema, Tupe and Does 1 to 10, inclusive, have so influenced, governed and controlled their respective corporation and/or limited liability company, including authorizing, directing, and ratifying the unlawful conduct herein alleged, that there exists such a unity of interest and ownership that the individuality, or separateness, of said individuals and the business entities have ceased. Based on Defendants' actions, an adherence to the fiction of the separate existence of the business entities would, under the particular circumstances, sanction a fraud or promote injustice, and equity compels their organizational fictions be disregarded and that Fua, Sekona, Sikahema, Tupe and Does 1 to 10, be held individually and personally responsible for the debts, obligations and liabilities of said entities.

14. This Court is the proper court for the filing of this action because the actions, harm and/or injuries, as herein alleged, occurred in this judicial district.

**FIRST CAUSE OF ACTION**

(Violation of Consumers Legal Remedies Act as to All Defendants)

3

First Amended Complaint for Damages & Injunctive Relief

15. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 14, above.

16. On or about August 9, 2012, Plaintiff registered his home telephone number ("Home Phone") on the National Do Not Call Registry (DNC Registry), pursuant to the federal "Telephone Consumer Protection Act" ("TCPA"), including, inter alia, 47 U.S.C., § 227, 16 C.F.R., Part 310, and 15 U.S.C., § 6151, for the purpose of avoiding all telephone solicitations on his Home Phone, including the type hereinafter described.

17. On or about November 7, 2016, Doe 11, who identified herself as "Steve" and an employee of Advance, made or caused to be made to Plaintiff's Home Phone a telephone solicitation for the purpose of selling Plaintiff goods and/or services in the form of home improvements and upgrades, including a solar energy system, (hereinafter the "Telephone Solicitation").

18. Plaintiff received the Telephone Solicitation at his residence in Murrieta, California.

19. After an initial conversation with Plaintiff, Doe 11 transferred the call to Doe 12, who identified himself as "Mark" and as an employee of Advance, for the purpose selling Plaintiff goods and services for his home.

20. As part of the Telephone Solicitation Does 11 and 12 made representations to Plaintiff regarding the availability of funding under the "California Solar Initiative" to finance the installation and/or construction for Plaintiff's residence of a solar energy system by Advance, who was licensed by the State of California to perform such work. The purpose of such representations was to mislead Plaintiff to believe that Advance was a licensed contractor and that funding existed under a state program that would pay in whole or in part for such construction. Plaintiff is informed and believes and thereon alleges that said representations were false and known by Doe 11 and Doe 12 to be false in that they knew Advance was not a licensed contractor and they could produce no license number for Advance. Furthermore, plaintiff is informed and believes and thereon alleges that Doe 11 and Doe 12 knew that no funding was available for the work they were proposing Advance could perform, as the funding for the California Solar Initiative had been exhausted in 2014 has not been active since that time.

21. In the course of, or in connection with, the Telephone Solicitation, Does 11 and 12 referred the call to Does 13 and 14, who identified themselves as "Kevin" and "Jeff," respectively, who repeated the foregoing representations of Does 11 and 12, and disclosed said call was made on behalf

4

of Smart Power, who would perform the proposed installation or construction. Defendant Doe 14 informed Plaintiff in a subsequent telephone conversation on November 7, 2016, that SMART POWER held and/or was operating under a contractor's license issued by the CSLB, License No. 765247. Said license is and was actually the licensed issued by the CSLB to Defendant FUA.

22. Plaintiff is informed and believes and thereon alleges that sometime between June 16, 2016 and November 7, 2016, Defendants FUA, SAI and SMART POWER, and each of their respective principals, including Defendants SEKONA, SIKAHEMA, TUPE and Does 1 to 10, conspired and agreed among themselves to engage and transact business in California under the names ADVANCE and SMART ENERGY through telemarketing conducted from Utah for the purposes of selling, installing and constructing residential solar energy systems and other energy-saving improvements in California under the trade names ADVANCE and SMART ENERGY without the proper licensing by the CSLB and through misleading statements and representations, as set forth herein.

23. Plaintiff is informed and believes and thereon alleges, based on verbal representations made to him by FUA on or about November 7, 2016, that FUA and SAI are "partners" with SMART ENERGY and SEKONA and that SMART ENERGY is operating under FUA's contractor's license in California. In fact, SMART ENERGY possesses no contractor's license and is not and was not authorized to operate under FUA's contractor's license, No. 765247.

24. Plaintiff is informed and believes and thereon alleges that the misrepresentations of Defendants Does 6 and 7, as aforesaid, violated the provisions of Civil Code § 1770(a)(1), (2), (3), (4), (5), (13) and (14) known as the California Consumers Legal Remedies Act ("CLRA").

25. The CLRA, commencing with § 1750 of the Civil Code, is intended to protect and benefit the public welfare, and the corporate officers and managers of Sai, Alliance and Monitronics having control over and the ability to ensure compliance with the CLRA are personally liable to Plaintiff for the violations hereinafter alleged, pursuant to *United States v. Park* (1975) 421 U.S. 658; *People v. Wilmshurst* (1999) 68 Cal.App.4th 1332; *People v. Toomey* (1984) 157 Cal.App.3d 1; and *People v. Conway* (1974) 42 Cal.App.3d 875.

26. As a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, Plaintiff has suffered damage, loss or injury.

27. Pursuant to the provisions of the CLRA, Plaintiff is entitled to an injunction against the Defendants and those under their control or acting in concert with them to enjoin further violations of the CLRA. Plaintiff reserves his right under § 1782(d) of the Civil Code to give notice to Defendants, pursuant to § 1782(a), and thereafter amend his complaint without leave of court to include a request for actual and punitive damages in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

## SECOND CAUSE OF ACTION

(Eavesdropping as to All Defendants, except Does 15 - 100)

28. Plaintiff realleges and incorporates herein by reference Paragraphs 1 to 26 above.

29. The California Privacy Act ("Privacy Act"), commencing with § 630 of the Penal Code is intended to protect and benefit the public welfare, and the owners, corporate officers and managers of Exterior having control over and the ability to ensure compliance with the Privacy Act are personally liable to Plaintiff for the violations hereinafter alleged, pursuant to *United States v. Park* (1975) 421 U.S. 658; *People v. Wilmshurst* (1999) 68 Cal.App.4th 1332; *People v. Toomey* (1984) 157 Cal.App.3d 1; and *People v. Conway* (1974) 42 Cal.App.3d 875.

30. Without prior notice or warning to Plaintiff and without his consent and permission, Plaintiff is informed and believes and thereon alleges that Defendants illegally and unlawfully recorded, or instructed or otherwise caused Does 11, 12, 13 and 14 to record, their conversations with Plaintiff, which he believed to be "confidential communications" within the meaning of Penal Code, Sections 632 and/or 632.7.

31. Defendant is informed and believes and thereon alleges that at least nine of his conversations with Defendants were recorded in violation of Penal Code, Sections 632 and/or 632.7, and that those recordings were disclosed to others, including FUA, SEKONA and FUA's brother, in violation Penal Code, Section 637.

32. Plaintiff is informed and believes and thereon alleges that his conversations were unlawfully recorded and disclosed as part of a business practice to benefit the Defendants by providing them with a record, albeit unlawful, to aid or assist in the enforcement of contracts for the sale of goods and/or services to consumers in California derived from the telemarketing practices of Defendants.

33. Each recorded conversation with Plaintiff and disclosed recording was a separate violation of Penal Code, §§ 632 and/or 632.7 and 637, thereby entitling Plaintiff to statutory damages of $5,000 per violation, pursuant to Penal Code, § 637.2, whether or not he has suffered, or been threatened with, actual damages, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a), as well as an injunction to prevent future violations of the Privacy Act.

### THIRD CAUSE OF ACTION.

(Violation of California UCL as to All Defendants)

34. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 and 29 through 32 above.

35. Plaintiff is informed and believes and thereon alleges that the actions, conduct and omissions of the Defendants, and each of them, constitute unfair and unlawful business practices and acts, within the meaning of California's Unfair Competition Law, commencing with Business and Professions Code, § 17200, thereby entitling Plaintiff to an injunction, pursuant to § 17203, to prevent the continuance and future occurrence of such practices and acts.

### FOURTH CAUSE OF ACTION

(Invasion of Privacy as to All Defendants)

36. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26 and 29 through 32 above.

37. Since registering his Home Phone on the DNC Registry, Plaintiff has received hundreds of telephone solicitations from telemarketers and/or sellers seeking, offering or attempting to sell to him for his home solar energy products or services or energy-savings products or services, similar to those offered by Exterior.

38. Plaintiff is informed and believes and thereon alleges that sometime between June 16, 2016 and November 7, 2016, Defendants FUA, SAI and SMART POWER, and each of their respective principals, including Defendants SEKONA, SIKAHEMA, TUPE and Does 1 to 10, and Does 15 to 100, conspired and agreed among themselves to use, furnish, provide, sell, circulate and/or share Plaintiff's Home Phone number for the purpose of making unlawful telephone solicitations or telemarketing calls

to Plaintiff's Home Phone, as referenced above.

39. Plaintiff possesses a legally protected right to privacy and freedom from unwarranted intrusion at his home from unwanted, unwelcomed and unauthorized telephone solicitations or telephone calls from telemarketers and unlawful recording of his telephone conversations with telemarketers.

40. The CLRA and the Privacy Act were enacted for the purpose and with the intention of protecting persons, such as Plaintiff, from such invasion and intrusion. Since August 9, 2012, Plaintiff has received numerous telephone solicitations in violation of the CLRA and the Privacy Act, including those calls from or on behalf of the Defendants. Many such calls constitute multiple violations.

41. Plaintiff's expectation of privacy and freedom from unwarranted intrusion at his home from unwanted, unwelcomed and unauthorized telephone solicitations or telephone calls from telemarketers and the unlawful recording of his telephone conversations with telemarketers is reasonable in that Plaintiff has made reasonable and diligent efforts to prevent and avoid such calls.

42. These telephone solicitations interfere with Plaintiff's quiet enjoyment of his home in all respects and disrupt eating meals, sleep, recreation, socializing and relaxation. Such calls interfere with Plaintiff's use of his residence telephone and from his receiving telephone calls from others. Plaintiff also works from home and such calls interfere with his normal business activities and practices.

43. As a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, Plaintiff has suffered general damages for his emotional upset, distress, inconvenience and loss of enjoyment in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

44. The actions of the Defendants were malicious and oppressive within the meaning of Civil Code, Section 3294, thereby entitling Plaintiff to the award of exemplary and punitive damages, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

## FIFTH CAUSE OF ACTION

(Private Nuisance as to All Defendants)

45. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26, 29 through 32, and 37 through 42, above.

First Amended Complaint for Damages & Injunctive Relief

46. The actions and conduct of the Defendants constitute a private nuisance affecting Plaintiff, within the meaning of Civil Code, §§ 3479 and 3481.

47. As a direct and proximate result of the actions, conduct and omissions of the Defendants, Plaintiff has suffered general damages for his emotional upset, distress, inconvenience and loss of enjoyment for which he is entitled, pursuant to Code of Civil Procedure, § 731, to damages, which Plaintiff limits to an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a), and an injunction to prevent the continuance and future occurrence of the actions and conduct giving rise to said nuisance.

48. The actions of the Defendants were malicious and oppressive within the meaning of Civil Code, § 3294, thereby entitling Plaintiff to the award of exemplary and punitive damages, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

**WHEREFORE**, Plaintiff prays judgment against the Defendants, and each of them, as follows:

1. ON THE FIRST CAUSE OF ACTION:

    (a) For a permanent injunction against each of the Defendants enjoining and restraining them from engaging in further violations of the CLRA and specifically Civil Code, § 1770 thereof and directing and mandating that Defendants perform certain actions and conduct, as determined by the Court to be reasonable and necessary to prevent further violations of the CLRA.

    (b) For reasonable attorney's fees, as may be allowed.

2. ON THE SECOND CAUSE OF ACTION:

    (a) For statutory damages prescribed by Penal Code, Section 637.2 for each violation, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

    (b) For a permanent injunction against each of the Defendants enjoining and restraining them from recording telephone solicitations, unless they provide a clear and unambiguous warning, in a form approved by the Court, to consumers or other persons receiving or responding to a telephone solicitation informing them that such call is being recorded;

9

    (c)     For a permanent injunction against each of the Defendants enjoining and restraining them from disclosing the contents of any audio recordings of their conversations with Plaintiff and directing them to destroy all originals, copies, versions and transcripts of said recordings.

    3.     ON THE THIRD CAUSE OF ACTION:

    (a)     For a permanent injunction as prayed for on the First and Second Causes of Action.

    4.     ON THE FOURTH CAUSE OF ACTION:

    (a)     For actual damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

    (b)     For punitive damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

    5.     ON THE FIFTH CAUSE OF ACTION:

    (a)     For actual damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

    (b)     For punitive damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a); and

    (c)     For a permanent injunction as prayed for on the First and Second Causes of Action.

    6.     ON ALL CAUSES OF ACTION:

    (a)     Plaintiff waives all sums in excess of $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

    (b)     For costs of suit herein incurred; and

    (c)     For such other and further relief as the court may deem just and proper.

Date: 2/1/17     By: _____
    HAROLD L. COLLINS, Plaintiff



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

<u>General Policy:</u>
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.
(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

CIV-050

**- DO NOT FILE WITH THE COURT -**
**--UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| HAROLD L. COLLINS, SBN: 68181<br>Attorney at Law<br>42890 Avenida Perris<br>Murrieta, CA 92562 | (951) 237-1560 | |
| ATTORNEY FOR (name): Plaintiff In Pro Per | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

PLAINTIFF: Harold L. Collins
DEFENDANT: George Alani Fua et al.

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER: MCC1700091

To (name of one defendant only): SAI, Inc.
Plaintiff (name of one plaintiff only): Harold L. Collins
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. General damages
   a. [✓] Pain, suffering, and inconvenience ........................ $75,000*
   b. [✓] Emotional distress ........................................ $75,000*
   c. [ ] Loss of consortium ........................................ $
   d. [ ] Loss of society and companionship (wrongful death actions only) ... $
   e. [✓] Other (specify) statutory damages pursuant to Penal Code, Section 637.2 ... $75,000*
   f. [ ] Other (specify) ........................................... $
   g. [ ] Continued on Attachment 1.g.

2. Special damages
   a. [ ] Medical expenses (to date) ................................ $
   b. [ ] Future medical expenses (present value) ................... $
   c. [ ] Loss of earnings (to date) ................................ $
   d. [ ] Loss of future earning capacity (present value) ........... $
   e. [ ] Property damage ........................................... $
   f. [ ] Funeral expenses (wrongful death actions only) ............ $
   g. [ ] Future contributions (present value) (wrongful death actions only) ... $
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) ... $
   i. [ ] Other (specify) .......................................... $
   j. [✓] Other (specify) *Waive any sum that exceeds $75,000 of the total of all damages  $
   k. [ ] Continued on Attachment 2.k.

3. [✓] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ 75,000*
   when pursuing a judgment in the suit filed against you.

Date: January 30, 2017

Harold L. Collins
(TYPE OR PRINT NAME)

▶ /s/ Harold Collins
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Case 5:17-cv-00606-VAP-PLA Document 1-1 Filed 03/29/17 Page 14 of 18 Page ID #:17

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☒ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar Number and Address):
HAROLD L. COLLINS, SBN 68161
Attorney at Law
42890 Avenida Perris
Murrieta, CA 92562
TELEPHONE NO: 951-237-1560   FAX NO. (Optional):
EMAIL ADDRESS (Optional): hcollinslaw@aol.com
ATTORNEY FOR (Name): Plaintiff In Pro Per

PLAINTIFF/PETITIONER: HAROLD L. COLLINS

DEFENDANT/RESPONDENT: GEORGE ALANI FUA, et al.

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of Riverside
1/27/2017
cpowell
By Fax

CASE NUMBER: MCC1700091

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92562

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  1/27/17

HAROLD L. COLLINS
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _/s/ Harold Collins_
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtm

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
- ☐ Banning - 311 E. Ramsey Street, Banning, CA 92220
- ☐ Hemet - 880 N. State Street, Hemet, CA 92543
- ☐ Indio - 46-200 Oasis Street, Indio, CA 92201
- ☐ Riverside - 4050 Main Street, Riverside, CA 92501
- ☐ Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S): | CASE NUMBER: |
|---|---|
| DEFENDANT(S): | |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> (CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation       ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation       ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration       ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff  ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR10 (Rev. 1/1/12)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**