UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-0606-VAP (PLAx)** | Date | May 23, 2017 |
| Title | *Harold L. Collins v. George Alani Fua et al.* | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER RE DEFENDANT'S MOTION FOR REMAND (IN CHAMBERS)

On April 28, 2017, Plaintiff Harold L. Collins filed a motion to remand. (Doc. No. 13.) This matter is appropriate for resolution without hearing pursuant to Local Rule 7-15 and will stand submitted on the papers timely filed. Having considered the papers filed in support of the motion, the Court GRANTS the motion.

### I.    Background

On February 1, 2017, Plaintiff filed a complaint in California Superior Court for the County of Riverside against Defendants George Alani Fua, SAI, Inc., FUA Construction, Smart Power LLC, Sosiua L. Sekona, Kapiolani L. Sikahema, Fifita Tupe, and Advance Energy Solutions. (Doc. No. 1-1.) Defendant Sekona removed this action on March 29, 2017, on the basis of diversity jurisdiction. (Doc. No. 1.)

### II.    Analysis

No defendant filed an opposition to Plaintiff's motion to remand. That alone is sufficient reason to grant the motion. See L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Even proceeding to the merits of Plaintiff's motion, the Court is persuaded that Sekona's removal was improper.

### A. Diversity Jurisdiction

A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. For the purpose of establishing diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff is a citizen of California. (Doc. No. 14 at 10.) In his notice of removal, Sekona asserts that he is a citizen of Utah. (Doc. No. 1 at 1.) Plaintiff disputes that assertion and argues Sekona is a citizen of California. (Doc. No. 14 at 12.) "The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Sekona appears to be a citizen of California. Plaintiff submitted official business records from Sekona's company, Smart Power LLC, which lists Sekona's address as being in California. (Doc. No. 16-3 at 3.) In addition, Plaintiff submitted an email Sekona sent him in which Sekona states that his "home address" is in California, but that his "physical address" is at his mother's house in Utah. (Doc. No. 15-1 at 2.) Sekona, on the other hand, has offered no evidence to establish that he is a citizen of Utah.

Even if the Court were to assume Sekona is domiciled in Utah, Plaintiff has presented unrebutted evidence that two other defendants—Tupe and Smart Power LLC—are citizens of California. (Doc. Nos. 14 at 6-7, 12; 16-3 at 2.) Thus, based on the evidence presently in the record, Sekona has not met his burden of establishing complete diversity of citizenship.[1]

### B. Attorney's Fees

Plaintiff requests the Court award him attorney's fees. On granting a motion for remand, a court may, at its discretion, order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). It is not necessary, however, to show that the removing party acted in bad faith or that removal was "frivolous, unreasonable or without foundation." Id. at 138-39.

---

[1] As Sekona has not established complete diversity, the Court declines to consider whether the amount in controversy exceeds $75,000.

Plaintiff is appearing pro se. As a result, he has not actually incurred any attorneys' fees due to the removal. Accordingly, the Court declines to award him such fees. See, e.g., People of the United States of Am., et al. v. Cty. of Los Angeles, et al. Additional Party Names: Angela Nossett, Delaney Smith, Jr., Mary Reyna, Raymond Fortner, No. CV 11-4996 PA (FMOX), 2011 WL 13150197, at *2 (C.D. Cal. July 25, 2011); Khashan v. Ghasemi, No. CV 10-00543 MMM (CWx), 2010 WL 1444884 at *4 (C.D. Cal. Apr. 5, 2010).

### C. Sanctions

In addition to attorney's fees, Plaintiff requests the Court sanction Sekona pursuant to Federal Rule of Civil Procedure 11(c). Pursuant to Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. Proc. 11(c)(2). In addition, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id. Those requirements are known as Rule 11's "safe harbor" provision.

Plaintiff's request for sanctions under Rule 11 is included within his motion to remand, and the motion does not state that Plaintiff otherwise complied with Rule 11's "safe harbor" provision. For those reasons, the Court denies Plaintiff's request for sanctions without prejudice. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001) (noting that "the procedural requirements of Rule 11(c)(1)(A)'s 'safe harbor' are mandatory" and "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions"); Sacchi v. Levy, No. CV 14-08005-MMM (FFMx), 2015 WL 12765637, at *10 (C.D. Cal. Oct. 30, 2015) ("Sacchi's motion for sanctions [pursuant to Rule 11] is appended to his motion to dismiss and is therefore procedurally improper. Furthermore, he nowhere states that he complied with Rule 11's safe harbor provision. As a result, the motion must be denied."). The Court, however, will consider Plaintiff's request if he files a motion for sanctions that complies with all of Rule 11's requirements.

### III. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and DENIES without prejudice Plaintiff's requests for attorney's fees and sanctions.

**IT IS SO ORDERED.**